# NOS. 12-19-00068-CR
# 12-19-00069-CR
# 12-19-00070-CR
# 12-19-00071-CR
# 12-19-00072-CR
# 12-19-00073-CR
# 12-19-00074-CR
# 12-19-00075-CR
# 12-19-00076-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLIFTON DENEAN DORA,*<br>*APPELLANT* | § | *APPEALS FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Clifton Denean Dora appeals his eleven convictions for three counts of theft of property, five counts of burglary of a building, theft of a firearm, unlawful possession of a firearm, and evading arrest or detention. Appellant raises four issues challenging the voluntariness of his pleas, the trial court's denial of defense counsel's motion to withdraw, and the lengths of two of his sentences. We dismiss in part for want of jurisdiction, modify, and affirm as modified.

## BACKGROUND

Appellant was charged by eleven indictments with three counts of theft of property, five counts of burglary of a building, two counts of theft of a firearm, one count of aggravated assault, one count of unlawful possession of a firearm by a felon, one count of possession of a prohibited

substance in a correctional facility, and one count of evading arrest or detention in a motor vehicle. Pursuant to a plea agreement with the State, he pleaded "guilty" to eleven of the fourteen counts and true to two enhancement paragraphs, the State dismissed the remaining three counts, and the sentences are to run concurrently. After a punishment hearing, the trial court assessed Appellant's punishment at imprisonment for twenty years in each of the three theft of property cases, the five burglary cases, and one of the theft of a firearm cases; ninety-nine years in the unlawful possession of a firearm case; and life in the evading case with a $10,000.00 fine. This appeal followed.

## INVOLUNTARY PLEA

In Appellant's first issue, he contends that the trial court erred by accepting his pleas because they were not knowingly, intelligently, and willingly entered. The State argues that we lack jurisdiction to consider this issue. We agree with the State.

Our rules do not allow an appeal of plea voluntariness by a plea-bargaining felony defendant. *Cooper v. State*, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001). The code of criminal procedure provides the following:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In addition to plea bargaining for a specific sentence, parties may also plea bargain regarding the charges. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Charge bargaining involves questions of whether a defendant will plead guilty to the alleged offense or a lesser or related offense, and whether the state will dismiss or refrain from bringing other charges. *Id.* An agreement to dismiss a pending charge affects punishment by capping it at the maximum sentence for the remaining charge. *Id.* When the trial court follows such an agreement, "the punishment does not exceed that recommended by the prosecutor and agreed to by the defendant" for purposes of Article 44.02, and the defendant has no right of appeal under the applicable rule of appellate procedure. *See id.* at 813-14.

Texas Rule of Appellate Procedure 25.2 provides the following:

(a) *Rights to Appeal*

. . . .

(2) Of the Defendant. A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Code of Criminal Procedure Chapter 64. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

    (A) those matters that were raised by written motion filed and ruled on before trial,

    (B) after getting the trial court's permission to appeal, or

    (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a).

In this case, the record shows that Appellant pleaded guilty pursuant to a plea bargain agreement. The State agreed to dismiss three of Appellant's pending charges and allow the sentences in the remaining charges to run concurrently in exchange for Appellant's "guilty" pleas. The trial court followed the agreement and certified in each case that "this criminal case is a plea-bargain case, and the defendant has a limited right of appeal; Defendant has the right to appeal as to punishment/sentencing." Thus, the trial court did not give Appellant permission to appeal the voluntariness of his pleas. Because Appellant pleaded guilty, the punishment does not exceed that recommended by the prosecutor and agreed to by Appellant and his counsel, Appellant does not have the trial court's permission to prosecute an appeal of his plea voluntariness, the issue was not raised by written motion prior to trial, and the appeal is not expressly authorized by statute, Appellant has no right of appeal regarding plea voluntariness. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 44.02; *Shankle*, 119 S.W.3d at 813-14. Accordingly, we dismiss Appellant's appeal regarding his first issue for want of jurisdiction.

### MOTION TO WITHDRAW

In Appellant's second issue, he argues that the trial court erred by denying defense counsel's motion to withdraw. We disagree.

A trial court has discretion to determine whether counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). The right to counsel may not be manipulated to obstruct the judicial process or interfere with the administration of justice.

3

*Id.* Personality conflicts and disagreements about trial strategy typically are not valid grounds for withdrawal. *Id.* A trial court has no duty to search for counsel agreeable to a defendant. *Id.*

The record in this case shows that defense counsel filed a motion to withdraw as counsel several days before trial, citing that "Movant [sic] has expressed that he is dissatisfied with the representation of undersigned counsel and wishes to have new counsel appointed for trial." At a hearing on the motion the same day, defense counsel informed the trial court that she filed the motion to withdraw because Appellant sent the indigent defense coordinator a letter stating that he was having difficulty contacting counsel and wanted a different attorney. Noting that counsel represented Appellant for over a year, the court asked Appellant if he wished to fire counsel on the eve of trial. Appellant responded as follows:

> No. It's not that, Your Honor. We—we have been eye-to-eye on a lot of things, and now it's just getting to the crucial point of going to court and everything, and it's like it's a 90-degree turn. We're not agreeing on everything now. It's not coming the way it's supposed to come.

Appellant further stated, "[I]t's not just one little thing, Your Honor. It's becoming numerous things now." After some discussion with Appellant about his rights, the trial court stated the following:

> [Defense counsel] has been doing this a long time, and I'm absolutely confident in her ability to defend you in these cases. And just because you have a disagreement, especially when it comes to a court-appointed attorney, I don't think it's rising to the level that the Court needs to remove her from the case.

Appellant stated he understood. The trial court denied the motion.

After the trial court denied the motion, defense counsel told the court that, "unrelated to that motion," the State recently filed some notices and amendments in the case, and although she was ready for trial, she might not be if the State filed anything further. The State responded that the new filings contained little new information. They filed an amended ***Brooks*** notice[1] correcting the offense date of one of the enhancements, a 404(b) notice[2] containing Appellant's pending

---

[1] A defendant is entitled to notice of prior convictions to be used for enhancement. ***Brooks v. State***, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997).

[2] On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce evidence of a crime, wrong, or other act for noncharacter purposes in its case-in-chief. TEX. R. EVID. 404(b).

charges that were not being prosecuted in the upcoming trial, and notice of one additional witness. After defense counsel brought some additional issues about the upcoming trial to the court's attention, the following exchange occurred:

> THE COURT:     And that's the thing, [defense counsel is] thinking about your cases.
>
> THE DEFENDANT:     Yes, sir.
>
> THE COURT:     She really is.
>
> THE DEFENDANT:     I'm just confused as far as—that's all it was. I was—
>
> THE COURT:     Well, I'm glad we cleared it up.
>
> THE DEFENDANT:     Because I was—because all these different—I'm getting different this and I'm getting different that. And it just—it kind of—it had me thrown off.
>
> THE COURT:     I got you.
>
> THE DEFENDANT:     Yes, sir.
>
> THE COURT:     Well, you got it straight now?
>
> THE DEFENDANT:     Yes, sir.
>
> THE COURT:     Any other questions?
>
> THE DEFENDANT:     No, sir.

On appeal, Appellant argues that the trial court should have granted defense counsel's motion to withdraw because her "inability to sufficiently prepare for trial due to confusion brought on by time constraints and the State's tactic of 'continually filing [last minute] things' resulting in communication breakdown with Appellant . . . certainly resulted in lack of assistance of counsel for defendant's defense."[3]  We cannot grant Appellant relief based on this argument for two reasons.  First, this argument was not preserved for our review because it was not raised in the trial court as a reason for withdrawal of counsel.  *See* TEX. R. APP. P. 33.1(a) (complaint must be made to trial court by timely and specific request, objection, or motion to preserve claim for appellate review).

---

[3] We note that Appellant does not raise the issue of ineffective assistance of counsel.  But even if he did, he could not prevail because the record does not show that counsel's performance was deficient.  *See **Strickland v. Washington***, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Furthermore, even if the argument were preserved for our review, it is not supported by the record. Defense counsel stated that she was ready for trial despite the State's recent filings, and any confusion appeared to be resolved by the end of the motion to withdraw hearing. Under these circumstances, we cannot say that the trial court would have abused its discretion by denying a motion to withdraw based on these arguments. *See **King***, 29 S.W.3d at 566.

Nor could we grant Appellant relief based on the reasons he gave the trial court for wanting new counsel. Appellant told the court he wanted new counsel because he and defense counsel were not agreeing on everything lately. However, personality conflicts and disagreements about trial strategy typically are not valid grounds for withdrawal, and the trial court has no duty to search for counsel agreeable to the defendant. ***Id.*** Therefore, we conclude that the trial court did not abuse its discretion by denying defense counsel's motion to withdraw. *See **id.*** Accordingly, we overrule Appellant's second issue.

## ARBITRARY SENTENCES

In Appellant's third and fourth issues, he argues that the trial court abused its discretion by arbitrarily assessing his punishment at imprisonment for life and ninety-nine years in the evading and unlawful possession of a firearm cases, respectively.[4] He contends that the sentences are extremely harsh and oppressive in relation to the severity of the offenses. In support of this contention, Appellant notes that the record contains no evidence of bodily injury or property damage resulting from the evading offense. Regarding the unlawful possession of a firearm offense, he contends that such an offense without a showing of harm does not warrant a ninety-nine-year sentence. Consequently, Appellant argues that the trial court erred by acting arbitrarily, unreasonably, and without reference to guiding rules and principles in assessing his punishment in these two cases.

Appellant has not preserved these issues for appeal. *See* TEX. R. APP. P. 33.1(a). A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. ***Burt v. State***, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). An appellant fails to

---

[4] We note that Appellant does not argue his sentences are grossly disproportionate and therefore constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. But even if he did, we could not grant him relief on that basis. *Compare **Rummel v. Estell***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980) (mandatory life sentence for obtaining $120.75 by false pretenses not cruel and unusual); *see also* TEX. R. APP. P. 33.1(a); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object).

6

preserve error by failing to object when he had the opportunity. *Id.* at 577-78. Here, after the trial court assessed Appellant's punishment, it asked whether there was any legal reason why the sentences should not be imposed. Defense counsel responded, "No, Your Honor." Because Appellant had the opportunity to object to the sentences at the punishment hearing but failed to do so, we conclude that he failed to preserve his issues for our review. *See id.*; TEX. R. APP. P. 33.1(a).

Furthermore, even if Appellant preserved his issues, we could not grant him relief because the trial court did not abuse its discretion in sentencing him. A sentencing judge is allowed a great deal of discretion in determining the appropriate punishment in a case. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In general, if a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Id.* Besides a few specific instances in which the range of punishment depends on the determination of discrete facts, punishment assessment is a normative process and not intrinsically fact bound. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). The sentencer's discretion to impose any punishment within the prescribed range is essentially unfettered. *Id.* Subject only to a very limited, exceedingly rare, and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment is unassailable on appeal. *Id.* at 323-24.

In this case, the trial court assessed Appellant's punishment after a three-day punishment hearing at which several law enforcement officers testified regarding the investigation, high-speed chase, arrest, and extensive criminal history of Appellant. Additionally, two of Appellant's family members, several of his burglary victims, the jailer who found a prohibited substance in his sock, and the driver of the loaded school bus Appellant forced off the road testified. Under these circumstances, we conclude that the trial court's punishment assessment was based on its informed normative judgment. *See id.*

We further conclude that the prison sentences fall within the legislatively prescribed range. *See id.* In Appellant's evading arrest with a motor vehicle case, enhanced, the punishment range is twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. §§ 12.42(d) (West 2019), 38.04(a), (b)(2)(A) (West 2016). Thus, the trial court's sentence of imprisonment for life falls within the range set forth by the legislature. Because the record shows that the trial court's punishment assessment was based on its informed normative judgment and the life sentence falls within the statutory punishment range, we conclude that the trial court did not abuse its discretion

by imposing the life sentence. *See Chavez*, 213 S.W.3d at 323-24; *Jackson*, 680 S.W.2d at 814. Accordingly, we overrule Appellant's third issue.

However, the $10,000 fine in the evading case is not authorized under Section 12.42(d). *See Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd); TEX. PENAL CODE ANN. § 12.42 (containing no provisions authorizing imposition of a fine). Although Appellant does not specifically challenge the court's imposition of a fine in this case, an appellate court with jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Therefore, we reform the verdict in the evading case to delete the improper fine. *See Dolph*, 440 S.W.3d at 908; *see also Ex parte Youngblood*, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985) (reforming judgment to delete fine unauthorized under Section 12.42(c)).

In Appellant's unlawful possession of a firearm by a felon case, enhanced, the punishment range is twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 46.04(a), (e) (West Supp. 2019). Thus, the trial court's sentence of imprisonment for ninety-nine years falls within the range set forth by the legislature. Because the record shows that the trial court's punishment assessment was based on its informed normative judgment and the ninety-nine-year sentence falls within the statutory punishment range, we conclude that the trial court did not abuse its discretion by imposing the ninety-nine-year sentence. *See Chavez*, 213 S.W.3d at 323-24; *Jackson*, 680 S.W.2d at 814. Accordingly, we overrule Appellant's fourth issue.

## DISPOSITION

We dismissed Appellant's appeal regarding his first issue and overruled his second, third, and fourth issues. Additionally, we concluded that the judgment in Cause No. CR17-0839-392 contains an improper fine. Accordingly, we *modify* the trial court's judgment in Cause No. CR17-0839-392 to delete the $10,000.00 fine. We *affirm* the trial court's judgment in Cause No. CR17-0839-392 *as modified* and *affirm* the remaining judgments.

**BRIAN HOYLE**
Justice

Opinion delivered May 6, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 6, 2020

NO. 12-19-00068-CR

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0827-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00069-CR**

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0828-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00070-CR**

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0829-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00071-CR**

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0830-392)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 6, 2020

NO. 12-19-00072-CR

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0832-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00073-CR**

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0833-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00074-CR**

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0834-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2020**

**NO. 12-19-00075-CR**

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0839-392)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the $10,000.00 fine; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 6, 2020

NO. 12-19-00076-CR

**CLIFTON DENEAN DORA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0888-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*