**Ex parte Bennie Earl HUNTER.**

**No. 67851.**

Court of Criminal Appeals of Texas, En Banc.

June 3, 1981.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

CLINTON, Judge.

In this postconviction habeas corpus proceeding under Article 11.07, V.A.C.C.P. petitioner alleges, the habeas court finds and the record plainly shows that in Cause No. 12,027–A in the 42nd Judicial District Court punishment for the offense of escape utilizing a deadly weapon, to which he had just pleaded guilty, was assessed at confinement for forty years[1]—the maximum confinement for this second degree felony being, of course, twenty years, V.T.C.A. Penal Code, §§ 38.07(a) and (d), § 12.33(a). He was given credit for every day beginning January 27, 1977.

The convicting court in this habeas proceeding has recommended that the judg-

ment be "reformed in keeping with the ranges of punishment" or, alternatively, that the cause be dismissed.[2] We doubt our power to do either, for punishment within the proper range was not fixed and there is not made to appear any fundamental defect in the indictment or proceedings leading to a finding of guilt. *Ex parte Hill*, 528 S.W.2d 125 (Tex.Cr.App.1975) rejected the holding in *Ex parte Erwin*, 145 Tex.Cr.R. 504, 170 S.W.2d 266 (1943) and its progeny, so it is not appropriate to order release from restraint in this cause on account of petitioner's having served the minimum penalty affixed by law to the offense, as we would where the jury assessed punishment. See *Ex parte Brown*, 575 S.W.2d 517 (Tex. Cr.App.1979). Since assessment of punishment was by the trial court, "[i]t follows that the petitioner must be remanded to the trial court, for a proper assessment of his punishment by the trial judge," *Ex parte Hill*, supra, at 127.

It is so ordered.

---

[1]. The guilty plea trial in Cause No. 12,027–A was held at the same sitting by the court below when also on guilty pleas petitioner was found guilty of two offenses of aggravated robbery and punishment was assessed at forty years in each case, presumably in accordance with a plea bargain. Thus, assessing the same term of forty years in the instant case appears to have been inadvertent. Petitioner is not making an attack on convictions in the other two causes, and they are not before us. In the instant case, like them, the minimum term imposed is five years.

[2]. Though petitioner has served the minimum sentence of two years, he has not done the maximum term which could have been imposed for the offense of escape; in any event he must remain confined pursuant to judgment and sentence in the other two causes.