**Ex parte Carroll Frank YOUNGBLOOD.**

**No. 69471.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 16, 1985.

Carroll Frank Youngblood, pro se.

Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

MILLER, Judge.

This is a post-conviction writ of habeas corpus brought pursuant to Art. 11.07, V.A.C.C.P. Applicant was indicted for the offense of aggravated sexual abuse, with a prior felony conviction alleged for enhancement. The jury found applicant guilty of aggravated sexual abuse and he pled "True" to the enhancement paragraph. Punishment was assessed by the jury at confinement for life in the Texas Department of Corrections and a $10,000 fine.

■ In his application for writ of habeas corpus, applicant contends that the jury's assessment of a $10,000 fine is unauthorized by V.T.C.A. Penal Code, § 12.42(c) and requests that the judgment and sentence be set aside and a new trial ordered, citing *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983).

Section 12.42(c), supra, provides:

"If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years."

No provision is made for assessment of a fine in addition to a term of imprisonment. Thus, the fine imposed in the case at bar was unauthorized by law.

Applicant relies on *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983) wherein we held that a judgment containing a punishment unauthorized by law was void since the court was without authority to correct the infirmity. On June 11, 1985, however, Senate Bill 1349, Acts 69th Leg., became effective. In *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Cr.App.1985), we interpreted this amendment to provide a vehicle by which an improper verdict could be reformed, thus correcting the infirmity present in *Bogany*, supra. We also held that the amendment applies to pending and future actions. *Ex parte Johnson*, at 607–608.

■ In applying *Ex parte Johnson*, supra, to the case at bar, the assessment of $10,000.00 fine was unauthorized. Thus, we need not remand the case for a new trial; rather, we may reform the verdict and judgment and delete the improper fine.

Applicant's request for relief is therefore denied. The judgment in Cause No. 7–81–102 of the 7th Judicial District Court of Smith County is reformed to delete the $10,000.00 fine. The Clerk of this Court shall mail a copy of this Order to the Texas Department of Corrections.

It is so ordered.

TOM G. DAVIS, J., not participating.

CLINTON, Judge, dissenting.

Valid reasons why *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Cr.App.1985), was wrongly decided are set forth in the several dissenting opinions therein, and to reprise them here would be redundant. Nevertheless, this proceeding presents an occasion for the Court to determine whether Article 37.10(b) may be gratuitously invoked and applied by this Court in a post conviction habeas proceeding in which a final judgment of conviction imposes a sentence based upon a *verdict of a jury* assessing punishment not authorized by law. The majority fails to address that question, so I will.

First of all, even if valid, on the face of it Article 37.10(b), V.A.C.C.P. has no application. Obviously focusing on *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983), the amendment directs "the appellate court" to reform a jury verdict. The only occasion for an "appellate court" to have jurisdiction to do so is on direct appeal from a judgment of conviction.

In a postconviction habeas corpus proceeding this Court may *hear* a cause "as though originally presented to [it] or as an appeal," Article 11.07, § 3, V.A.C.C.P. Still, as has been often pointed out by the Court, a habeas corpus proceeding may not be used as a substitute for an appeal. *Ex parte Powell*, 558 S.W.2d 480, 481 (Tex.Cr. App.1977). A postconviction habeas application will not lie to correct errors *qua* errors committed in the trial court. The Court does not *decide* a habeas cause in its capacity as an "appellate court."

Secondly, approaching Article 37.10, supra, from another direction, one notes that Article 11.07, V.A.C.C.P., provides that the procedure it outlines "shall be exclusive ...," *id.*, § 3. Thus, even if Article 37.10 is retrospective in the sense erroneously imputed to it in *Ex parte Johnson*, supra,

the procedure it purports to authorize is excluded from a habeas corpus proceeding.

Thirdly, relief available in a habeas corpus proceeding to resolve problems of the nature presented here and in *Ex parte Hernandez*, 698 S.W.2d 670 (Tex.Cr.App., this day decided), has been explicated by this Court in, e.g., *Ex parte Hunter*, 616 S.W.2d 626 (Tex.Cr.App.1981) and *Ex parte Brown*, 575 S.W.2d 517 (Tex.Cr.App.1979). As stated in *Brown*, "the proper inquiry should be who assessed punishment," for if applicant is entitled to any relief from punishment previously assessed, that which is ordered depends upon whether it had been assessed by judge or by jury. When assessed by a judge, the cause is remanded to the trial court for a hearing on punishment, e.g., *Ex parte Hunter*, 616 S.W.2d 626 (Tex.Cr.App.1981); when assessed by a jury, the cause is either dismissed if applicant has served requisite time or remanded to the trial court for a new trial, *Ex parte Brown*, supra.

Applicant is entitled to relief in this habeas corpus proceeding. Because the majority denies it, I dissent.

ONION, P.J. and TEAGUE, J., join.