Robert Dewayne BENNETT, Appellant,

v.

The STATE of Texas, State.

No. 2–85–243–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 29, 1987.

Rehearing Denied Feb. 12, 1987.

Alley & Alley, T. Richard Alley, Fort Worth, for appellant.

Andrew Ottaway, Granbury, for state.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

OPINION

FENDER, Chief Justice.

Robert Dewayne Bennett appeals from a conviction of involuntary manslaughter for which the trial court's written judgment on the jury verdict shows he received a sentence of two years without probation in the Texas Department of Corrections. *See* TEX.PENAL CODE ANN. sec. 19.05(a)(2) (Vernon 1974). Appellant raises three points of error on appeal contending that: 1) the judgment and sentence entered by the trial court is void because the jury assessed an unprobated term of imprisonment and a probated fine; 2) the trial court erred in overruling a motion to suppress the results of appellant's blood test; and 3) the evidence is insufficient to support the conviction.

We affirm.

The victim was riding in the open bed of appellant's truck when appellant lost control of the vehicle. The truck flipped over

a guardrail and rolled over, pinning the victim beneath it. The victim was taken to a hospital where he later died of multiple injuries sustained in the accident.

Appellant was also taken to the hospital for treatment. While there, appellant gave his written consent to take a blood/alcohol test which indicated an alcohol level of 0.19%. Appellant and three friends had been drinking alcohol and smoking marihuana before the accident. Police officers and the nurse who drew the sample for the blood test testified that appellant appeared intoxicated.

After finding appellant guilty of the offense, the jury assessed a sentence of imprisonment for two years and a $5,000.00 fine. The jury recommended that the term of imprisonment be unprobated while the fine be probated. The judge's oral pronouncement of the sentence at trial conformed with the jury recommendations. The written judgment, however, assessed only the unprobated two-year sentence.

In his first point of error, appellant contends that the trial court's judgment and sentence are unauthorized by the law because the jury assessed an unprobated term of years in confinement with a probated fine. *See Ex parte McIver*, 586 S.W.2d 851, 853 (Tex.Crim.App.1979); TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1987). A verdict unauthorized by the law is void. *See Ex parte McIver*, 586 S.W.2d at 853. Appellant argues that the jury's verdict became the judgment and sentence of the trial court and that this court has no authority to reform the judgment.

Texas Code of Criminal Procedure article 37.10, which became effective on June 11, 1985, authorizes the reformation of an improper verdict and provides as follows:

> (b) If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

TEX.CODE CRIM.PROC.ANN. art. 37.-10(b) (Vernon Supp.1987). This provision gives the trial court and the appellate court the power, which they did not have when *McIver* was decided, to reform a verdict unauthorized by the law. *See Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex.Crim. App.1985). The law applies to cases pending at the time it became effective as well as to future actions. *See id.* at 608; *Ex parte Youngblood*, 698 S.W.2d 671, 672 (Tex.Crim.App.1985).

 In the present case, appellant was indicted on May 1, 1985, but the trial did not conclude until September 10, 1985. The record reflects that the trial court judge took advantage of the new law to reform the jury's verdict by striking the probated fine. The judgment of confinement for two years without probation is authorized by the law. *See* TEX.PENAL CODE ANN. sec. 12.34(a) (Vernon 1974) (range of punishment for third degree felony is two to ten years). Appellant's first point of error is overruled.

In his second point of error, appellant claims the trial court erroneously admitted the results of appellant's blood/alcohol test. Appellant cites article 6701*l*-5, section 3(i) of the Texas Revised Civil Statutes to support his contention that the evidence should not have been admitted because the police had no authority to compel the extraction of the blood sample without proof of appellant's arrest at the time the request was made. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*-5, sec. 3(i) (Vernon Supp. 1987).

According to article 6701*l*-5, any person arrested for an offense arising from the act of operating a motor vehicle on a public beach or highway in Texas while intoxicated is deemed to have given his consent to submit to a breathalyzer or blood/alcohol test. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, sec. 1 (Vernon Supp.1987). If

such a person refuses to give a sample of his breath or blood, none shall be taken. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 2(a) (Vernon Supp.1987). Even so, a peace officer shall require a person to give such a sample if:

(1) the officer arrests the person for an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701L–1, Revised Statutes, as amended;

(2) the person was the operator of a motor vehicle involved in an accident that the officer reasonably believes occurred as a result of the offense;

(3) at the time of the arrest the officer reasonably believes that a person has died or will die as a direct result of the accident; and

(4) the person refuses the officer's request to voluntarily give a specimen.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 3(i).

■ The State, in this case, admits that it is unclear from the record whether appellant was under arrest at the time the sample was taken. We do not find this fact dispositive, however, because appellant's argument on appeal is that the prerequisites for compelling the giving of a blood sample were not met. The police officers had no need to compel appellant to submit to the test since appellant gave his consent to the taking of the blood sample. A written consent form signed by appellant is found in the record. No argument is made on appeal that the consent was involuntarily given. Whether appellant was under arrest when the sample was taken is, therefore, immaterial since there was no need to compel appellant's submission to the test.

Under this point of error, appellant also contends that the results of the blood test should not have been admitted because the State failed to show that the statutorily required method of withdrawing the blood sample was followed. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, sec. 3(c) (Vernon Supp.1987). Appellant claims there is no showing that the nurse who withdrew the blood sample was under the supervision of a licensed physician or that the sample was taken at a hospital licensed by the Texas Department of Health. *See id.*

■ The pertinent portion of section 3(c) states:

(c) When a person gives a specimen of blood at the request or order of a peace officer under the provisions of this Act, only a physician, qualified technician, chemist, *registered professional nurse,* or licensed vocational nurse under the supervision or direction of a licensed physician may withdraw a blood specimen for the purpose of determining the alcohol concentration or presence of a controlled substance or drug therein. The sample must be taken by a physician or in a physician's office or a hospital licensed by the Texas Department of Health.

*Id.* (emphasis added). The nurse who withdrew appellant's blood sample testified that she was licensed as a registered nurse when she took the sample. The requirement that the nurse be under the supervision of a licensed physician applies only to licensed vocational nurses. *See id.* The nurse also testified that the hospital in which the blood sample was taken was licensed by the State of Texas. We find this testimony a sufficient showing that the requirements of article 6701*l*–5, section 3(c) were met. Appellant's second point of error is overruled.

Appellant's final point of error challenges the sufficiency of the evidence to support appellant's conviction. Specifically, appellant complains that the evidence is insufficient to prove that he was intoxicated so that the decedent's death could not be said to have occurred as a result of accident or mistake due to intoxication. Appellant also contends there is no evidence that any person died as a result of the accident.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry

is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.*

Appellant was convicted of involuntary manslaughter under Texas Penal Code section 19.05(a)(2). Section 19.05 states:

(a) A person commits an offense if he:

(1) recklessly causes the death of an individual; or

(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

(b) For purposes of this section, "intoxication" means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body.

(c) An offense under this section is a felony of the third degree.

TEX.PENAL CODE ANN. sec. 19.05.

■ The testimony shows in the present case that appellant had been drinking whiskey and smoking marihuana prior to the accident. Two police officers testified at trial that in their opinion appellant was intoxicated at the time of the accident. The nurse who took his blood sample testified that appellant's speech was slurred and he had the smell of alcohol on his breath. Appellant's blood test showed a 0.19% concentration of alcohol in his blood. Finally, the autopsy report indicates that the decedent died of multiple injuries sustained in an accident. We find this evidence is sufficient to support the conviction. Appellant's final point of error is overruled.

The judgment is affirmed.