**Opinion filed September 8, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00023-CR

_____

### MICHAEL EDWARD BESERIL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-18-0904-CR**

### M E M O R A N D U M   O P I N I O N

This appeal presents what Chief Justice John Roberts might call "a Matryoshka doll"[1] of ineffective assistance claims—ineffective assistance of *posttrial* counsel in failing to secure a hearing on Appellant's motion for new trial which, in turn, involved a claim of ineffective assistance of *trial* counsel. Appellant,

---

[1]*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 497 (2010).

Michael Edward Beseril, presents a single issue on appeal. He argues that posttrial counsel provided ineffective assistance when they failed to request a hearing on his motion for new trial and that, had counsel done so, the trial court would have been obligated to conduct a hearing on the ineffective assistance claims that he asserted against his trial counsel. We modify and affirm.

*Background*

Appellant was indicted in 2018 for evading arrest using a motor vehicle, a third-degree felony. TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016). The trial court appointed Marc Chastain to represent Appellant. Appellant quickly became dissatisfied with Chastain's services and retained another attorney, Israel Guardiola, to replace Chastain. But Appellant soon became dissatisfied with Guardiola's services as well and, in April of 2019, sent Guardiola a notice of termination. The trial court then appointed Josh Stephens to represent Appellant.

The jury found Appellant guilty of evading arrest and, after returning a finding of "True" to enhancement allegations relating to two prior felony convictions, assessed his punishment at confinement for thirty-five years in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) and a $10,000 fine. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019). The trial court sentenced Appellant accordingly.

On June 6, 2019, Appellant's posttrial attorney, Kevin Acker, filed a motion for new trial. In the motion, Appellant argued that each of his trial attorneys deprived him of the effective assistance of counsel by deficiently representing him in various respects. Specifically, Appellant argued that Chastain and Guardiola were deficient in their representation because they incorrectly advised him that the maximum term he could serve in the TDCJ-ID for his offense was twenty years. Appellant also argued that Stephens was deficient in his representation because he "did not tell [Appellant] of any offer from the DA." According to Appellant, Acker *filed* this

motion for new trial but never *presented* it to the trial court. The State also concedes that Acker never requested a hearing.

Acker also failed to file a notice of appeal. As a result, Appellant missed the deadline for filing an appeal. Appellant then filed an application for writ of habeas corpus, seeking relief in the form of an out-of-time appeal. The Court of Criminal Appeals granted the application and ordered that "[a]ll deadlines shall be calculated as if [Appellant] was sentenced on the date" that the Court of Criminal Appeals issued its mandate. The mandate issued on February 23, 2021. Appellant's first appellate attorney, Mike Holmes, filed a notice of appeal the next day. According to Appellant, Holmes never refiled or presented Appellant's motion for new trial to the trial court. Holmes could have refiled the motion up to thirty days after the issuance of the Court of Criminal Appeals' mandate. *See* TEX. R. APP. P. 21.4. Had he refiled the motion, Holmes would have had ten days to subsequently present the refiled motion for new trial to the trial court. *See* TEX. R. APP. P. 21.6. The State does not address whether Holmes ever refiled Appellant's motion for new trial but concedes that he never requested a hearing on it.

*Discussion*

I. *Appellant was not deprived of the effective assistance of counsel when his attorneys failed to present his motion for new trial.*

A. *Standard of Review and Applicable Law*

To prevail on his claims of ineffective assistance, Appellant must satisfy a two-pronged standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). First, Appellant must show that trial counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Perez*, 310 S.W.3d at 892–93. To establish deficient performance, a defendant must show that counsel's representation was objectively unreasonable based on "prevailing professional norms." *Id.* at 893 (quoting

3

*Strickland*, 466 U.S. at 688). Second, Appellant must show that trial counsel's deficient performance prejudiced his defense. *Id.* To establish prejudice, a defendant must show a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 693–94. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (quoting *Strickland*, 466 U.S. at 694).

A trial court abuses its discretion by failing to hold a hearing on a verified motion for new trial when the motion and accompanying affidavits raise matters that are indeterminable from the record and that, if true, establish grounds upon which the defendant could potentially be entitled to relief. *See Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009); *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). The Court of Criminal Appeals has held that one such claim that is indeterminable from the record, but which could entitle a criminal defendant to relief, is "that trial counsel was ineffective for failing to inform [the defendant] of a plea bargain offered by the State." *Reyes*, 849 S.W.2d at 816; *see also Martinez*, 74 S.W.3d at 22 (explaining that "[t]he particulars of . . . the plea offer . . . are among the factual matters that should be fully developed at a hearing"). However, a hearing is not required on a defendant's motion for new trial alleging ineffective assistance of counsel unless he alleges "sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different." *Smith v. State*, 286 S.W.3d 333, 340–41 (Tex. Crim. App. 2009).

4

B. *Analysis*

Appellant argues that Acker and Holmes were deficient in their representation because they failed to present his motion for new trial to the trial court. He argues that this was prejudicial because, but for Acker's and Holmes's unprofessional conduct, the trial court would have granted a hearing on Appellant's motion for new trial and thereby crucial evidence of ineffective assistance by his trial attorneys could have been developed for the appellate record. We disagree. For the reasons that follow, we hold that Appellant has not demonstrated a reasonable probability that, but for Acker's and Holmes's alleged errors, the trial court would have granted a hearing on his motion for new trial. In other words, Appellant has failed to satisfy the prejudice prong of *Strickland*.

### 1. *The Deficient Performance Prong*

Appellant points out that one prerequisite of a defendant's entitlement to a hearing on his motion for a new trial is that the motion must be *presented* to the trial court. TEX. R. APP. P. 21.6 ("The defendant must present the motion for new trial to the trial court within 10 days of filing it."). "[T]he filing of the motion alone is not sufficient to bring the motion to the trial [court's] attention." *Reyes*, 849 S.W.2d at 815.

In his brief, Appellant argues that Acker filed a motion for new trial but never presented it to the trial court. Appellant also argues that Holmes failed to refile or present the motion to the trial court after the Court of Criminal Appeals reset the appellate deadlines and gave him a second bite at the apple. Appellant argues that, because the motion for new trial would have entitled Appellant to a hearing—*see, e.g.*, *Hobbs*, 298 S.W.3d at 199; *Martinez*, 74 S.W.3d at 21; *Reyes*, 849 S.W.2d at 816—the failure to present the motion to the trial court could never be considered reasonable trial strategy.

5

With respect to Appellant's claim against Acker, we pause to note that Acker submitted an affidavit to the trial court in which he states that he requested a "hearing on the motion . . . *orally* multiple times" (emphasis added). Thus, even accepting Appellant's argument that it could never be reasonable trial strategy not to present a motion for new trial, it is not at all clear that *Acker's* legal representation was deficient. However, assuming without deciding that Acker and Holmes were deficient in their legal representation, Appellant cannot satisfy the prejudice prong.

### 2. *The Prejudice Prong*

An important prerequisite to a defendant's entitlement to a hearing on his motion for new trial is that the motion must be supported by an affidavit "specifically showing the truth of the grounds for attack." *Martinez*, 74 S.W.3d at 21. This requirement exists to "limit[] and prevent[] 'fishing expeditions.'" *Hobbs*, 298 S.W.3d at 199. While the supportive affidavit "need not reflect each and every component legally required to establish relief," *Martinez*, 74 S.W.3d at 21–22, "[i]f the affidavit is conclusory . . . [or] unsupported by facts, . . . no hearing is required." *Hobbs*, 298 S.W.3d at 199. In other words, "the supporting affidavit 'must reflect that reasonable grounds exist for holding that such relief could be granted.'" *Martinez*, 74 S.W.3d at 21 (quoting *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)).

The verification in Appellant's motion for new trial is flawed because the affidavit he attached to his motion is wholly inadequate. Because it is quite brief, we relay its contents *in toto*:

> My name is Michael Edward Beseril. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am the Defendant in this Motion for New Trial. The facts stated in this affidavit are within my personal knowledge and are true and correct.

That is the affidavit in its entirety. Appellant does not say that the facts stated in his motion for new trial are within his personal knowledge and that they are true and

correct. Rather, he says that the facts stated "in this affidavit" are within his personal knowledge and that they are true and correct. But the only facts stated in his affidavit are that he is Michael Edward Beseril, that he is the defendant described in the motion for the new trial, and that he is neither a minor nor incompetent to make the affidavit. Appellant's supporting affidavit does not claim to verify the assertions in his motion for new trial. Even if Appellant had substituted the words "motion for new trial" for the word "affidavit," the affidavit would still be inadequate to verify the motion because it is devoid of any assertions of fact that support the claims made in the motion.

In his motion for new trial, Appellant claims, for example, that Stephens "did not tell Defendant of any offer from the D.A." Indeed, such an omission would constitute deficient representation because defense attorneys have a duty to communicate formal plea offers made by the State to their clients. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012). However, neither Appellant's affidavit nor his motion for new trial contains any factual assertions to suggest that a plea offer was ever made in the first place. But even if we assume that the State made a plea offer at some point during the course of the proceedings below, neither the motion nor the affidavit contains any assertion that Appellant would have accepted the plea offer if his attorney had timely communicated it to him. *See id.* at 147 (holding that, to establish prejudice where counsel fails to communicate a plea offer, "defendants must demonstrate a reasonable probability" that (1) "they would have accepted the earlier plea offer" and (2) "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it"); *see also Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013) (adopting the *Frye* standard of prejudice as Texas law).

Accordingly, we cannot say that there is a reasonable probability that, had Acker and Holmes properly filed and presented Appellant's motion for new trial, the

trial court would have granted a hearing on the matter. Moreover, even if the motion had been properly filed and presented, based on these facts the trial court would not have abused its discretion if it had denied a request for a hearing. *See Hobbs*, 298 S.W.3d at 199; *Martinez*, 74 S.W.3d at 21. Because Appellant has not satisfied the prejudice prong of *Strickland*, we overrule Appellant's sole issue on appeal.[2]

II. *The trial court's judgment must be modified to correct clerical errors relating to the enhancement allegations and to delete the unauthorized fine.*

The Texas Rules of Appellate Procedure provide this court with authority to modify a judgment when necessary. *See* TEX. R. APP. P. 43.2(b). We believe it necessary to modify the judgment in this case in two respects. First, the judgment contains clerical errors. The State sought to enhance Appellant's punishment range from a third-degree felony range to a habitual offender range. *See* PENAL §§ 12.34(a), 12.42(d). The State properly alleged, and proved, that Appellant had been previously convicted for deadly conduct in 2001 and tampering with evidence in 2011, both of which are third-degree felonies. *See id.* §§ 22.05, 37.09 (West Supp. 2021). The jury found both enhancement paragraphs to be true and assessed Appellant's punishment at confinement for thirty-five years in the TDCJ-ID. Such punishment would not have been available absent the jury's findings of "True" to both enhancement paragraphs. Yet, when the trial court signed its judgment of conviction, "N/A" was entered in the sections of the judgment marked "1st Enhancement Paragraph," "2nd Enhancement Paragraph," "Finding on 1st Enhancement Paragraph," and "Finding on 2nd Enhancement Paragraph."

We have the power to correct and modify the judgment of a trial court "to make the judgment speak the truth" when we have the necessary data and

---

[2]Our analysis of the *Strickland* prongs is restricted to the matter presented in this appeal—whether Appellant was entitled to a hearing on his motion for new trial. We express no opinion on the ultimate relief that Appellant may seek in a writ of habeas corpus.

information to do so. *Johnson v. State*, No. 11-19-00137-CR, 2021 WL 1307426, at *5 (Tex. App.—Eastland Apr. 8, 2021, pet. ref'd) (mem. op., not designated for publication). In this case, the record reflects that two prior felony convictions were alleged for enhancement purposes, that Appellant pleaded "Not True" to both allegations, and that the jury made findings of "TRUE" to both allegations. Accordingly, we modify the trial court's judgment of conviction as follows: The notations "N/A" are removed from the sections in the judgment marked "1st Enhancement Paragraph" and "2nd Enhancement Paragraph" and replaced with the words: "PLEADED NOT TRUE." The notations "N/A" are also removed from the sections in the judgment marked "Finding on 1st Enhancement Paragraph" and "Finding on 2nd Enhancement Paragraph" and replaced with the word: "TRUE."

Second, the judgment contains an unauthorized fine. Appellant's punishment was enhanced to habitual status pursuant to Section 12.42(d) of the Texas Penal Code. Section 12.42(d) does not contain any provision that authorizes a fine to be imposed. PENAL § 12.42(d); *Taylor v. State*, No. 11-12-00317-CR, 2014 WL 6806849, at *8 (Tex. App.—Eastland Nov. 26, 2014, pet. ref'd) (mem. op., not designated for publication); *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd); *Blevins v. State*, 74 S.W.3d 125, 132 (Tex. App.—Fort Worth 2002, pet. ref'd). When an unauthorized fine has been imposed, an appellate court may reform the judgment to delete the fine. *See Ex parte Youngblood*, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985). Here, an unauthorized fine of $10,000 was assessed against Appellant. Because that fine was not authorized under Section 12.42(d), we modify the judgment of the trial court to delete the $10,000 fine.

*This Court's Ruling*

As modified above, we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

September 8, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.