

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00047-CR

Michael Alonzo **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 630792
Honorable Grace M. Uzomba, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: July 5, 2023

AFFIRMED AS MODIFIED

In this appeal following a plea bargain agreement, appellant Michael A. Rodriguez complains of the trial court's imposition of a $6,000 fine under the Texas Transportation Code. The State concedes error. We modify the judgment and affirm as modified.

## BACKGROUND

In January of 2020, Rodriguez was arrested and charged with driving while intoxicated with a blood alcohol concentration level greater than 0.15. In November of 2021, Rodriguez entered into a plea agreement, pleading guilty to a DWI 1st offense, a Class B misdemeanor. At

the plea hearing Rodriguez was admonished by the trial court that he was subject to a punishment of between 72 hours and 180 days in the Bexar County Jail, and a fine not to exceed $2,000. The State and Rodriguez asked the trial court to impose a $600 fine, court costs, and 180 days in the Bexar County Jail, probated for 12 months. The trial court, having accepted the plea, followed the agreed recommendation, but imposed an additional $6,000 fine.

Rodriguez objected to the imposition of the fine and subsequently filed a motion for new trial. The trial court ultimately held an evidentiary hearing and filed findings of facts and conclusions of law to support its decision to impose the $6,000 fine. The trial court reasoned the $6,000 fine was a "mandatory collateral consequence" required by section 709.001(b)(3) of the Transportation Code as "it was shown that [Rodriguez] had an alcohol level of over 0.15. . . ." Rodriguez timely appealed.

Rodriguez argues the trial court erred in imposing the $6,000 fine and requests that we vacate the judgment and remand the cause for a new punishment hearing. The State concedes that the record contains no competent evidence that Rodriguez's BAC was 0.15 or higher and asks this court to modify the judgment to delete the $6,000 fine.

## ANALYSIS

### *Standard of Review*

We construe a statute according to its plain meaning, unless the language is ambiguous, or the plain meaning leads to absurd results the legislature could not have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). The plain meaning is determined by examining the wording and structure of the statute, construing the words and phrases according to the rules of grammar and usage. *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). We may presume that every word "has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.

Crim. App. 1997). Statutory construction is a question of law we review de novo. *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009).

### *Applicable Law*

Under the Texas Penal Code, a DWI is typically a Class B misdemeanor. TEX. PENAL CODE ANN. § 49.04(a), (b). An individual adjudged guilty of a Class B misdemeanor is subject to a fine not to exceed $2,000. TEX. PENAL CODE ANN. § 12.22(1). But if it is shown at the trial that the defendant's alcohol concentration level was 0.15 or greater, the offense becomes a Class A misdemeanor, and the accompanying fine is not to exceed $4,000. TEX. PENAL CODE ANN. §§ 12.21(1), 49.04(d). In addition to the penal code's fines, the Texas Transportation Code mandates that a person who is "finally convicted" of a DWI-related offense shall pay a fine of $6,000, if evidence is offered at trial that shows the defendant's alcohol concentration level was 0.15 or greater. TEX. TRANSP. CODE ANN. § 709.001(b).

### *Application*

Here, although the information alleged that Rodriguez's BAC was 0.15 or more, during the hearing, the State explicitly waived the 0.15 enhancement. The only other mention of Rodriguez's BAC came from the prosecutor at the plea hearing. In its appellate brief, the "State acknowledges that the unsworn statements of counsel in this circumstance are insufficient to support the imposition of the $6,000 fine under the Transportation Code." We agree. *See State v. Lopez*, 631 S.W.3d 107, 115 (Tex. Crim. App. 2021) (noting that unsworn statements of counsel were not competent evidence where counsel lacked first-hand knowledge). We therefore sustain Rodriguez's third issue.

A fine is part of a sentence. *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004). "An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal." *Ex parte Pue*, 552 S.W.3d 226, 228

(Tex. Crim. App. 2018). An appellate court may notice and correct an illegal sentence. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

We hold that the trial court erred by imposing the $6,000 fine. Rodriguez argues he is entitled to a new punishment hearing because the $6,000 fine was an illegal sentence. The State argues we can reform the judgment. We agree with the State and reform the judgment to delete the unauthorized fine as the necessary information is available for us to do so. *See* TEX. R. APP. P. 43.2(b); *Ex parte Youngblood*, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985) (remedy in unauthorized fine case is to delete the improper fine from the judgment); *Blevins v. State*, 74 S.W.3d 125, 132 (Tex. App.—Fort Worth 2002, pet. ref'd).

## CONCLUSION

We modify the trial court's judgment to delete the $6,000 fine and affirm the trial court's judgment as modified. *See* TEX. R. APP. P. 47.1 (requiring courts of appeals to hand down written opinions that are as brief as practicable but that address every issue raised and necessary to final disposition of the appeal).

Beth Watkins, Justice

PUBLISH