# NO. 12-22-00261-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN CALVIN WHITMORE,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

John Calvin Whitmore appeals his convictions for assault and evading arrest or detention in a vehicle. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon and evading arrest or detention in a vehicle, enhanced by two prior felony convictions. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the undisputed evidence shows that the victim, Carlos Hayter, was sitting with Appellant's fiancée or ex-fiancée, Meshia Coutee, on her front porch when Appellant arrived. According to Hayter, Appellant attacked him with a knife. According to Coutee's testimony at trial, Appellant and Hayter fought, but neither had a weapon, and she did not know who started the fight. Later that night, the police attempted to initiate a traffic stop on Appellant.[1] He

---

[1] Lufkin Police Officer Cade Westbrook testified that after the assault was reported, he was patrolling near Coutee's house at her request. While he was patrolling, Coutee reported that Appellant drove past her house.

initially stopped but proceeded to leave after the officer exited his vehicle. After repeating this routine once again, Appellant led the police on a high-speed chase that ended at his apartment complex.

Ultimately, the jury found Appellant "guilty" of the lesser included offense of assault[2] and evading arrest or detention in a vehicle.[3] Appellant pleaded "not true" to the enhancement allegations. The jury found the enhancement allegations "true." In the assault case, the jury assessed his punishment at confinement for a term of one year and a $4,000.00 fine. In the evading case, the jury assessed Appellant's punishment at imprisonment for a term of ninety-nine years and a $10,000.00 fine. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that he carefully examined the record and found no arguable grounds to support an appeal. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4]

We conducted an independent review of the record in this case and found no reversible error. *See **id.*** We conclude that the appeal is wholly frivolous. *See **id.***

## IMPROPER FINE

The $10,000.00 fine imposed in the evading case is not authorized by the statute under which Appellant's punishment was assessed. *See **Dolph v. State***, 440 S.W.3d 898, 908 (Tex.

---

Westbrook found him about a block away. Coutee, who was engaged to Appellant at the time of trial, could not remember whether she asked for extra patrols that night.

[2] A Class A misdemeanor punishable, with the alleged enhancements, by 1) a fine not to exceed $4,000.00, 2) confinement for a term of not more than one year or less than ninety days, or 3) both such fine and confinement. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1) (West Supp. 2022); 12.43(a) (West 2019).

[3] A third-degree felony punishable, with the alleged enhancements, by imprisonment for a term of life, or not more than ninety-nine years or less than twenty-five years. *See id.* §§ 38.04(a), (b)(2)(A) (West 2016), 12.42(d) (West 2019).

[4] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of the motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

App.—Texarkana 2013, pet. ref'd); TEX. PENAL CODE ANN. § 12.42(d) (containing no provision authorizing imposition of fine); *see also **Ex parte Youngblood***, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985) (judgment reformed to delete fine unauthorized under Section 12.42(c)). Therefore, we reform the verdict in Count II to delete the improper fine. *See **Dolph***, 440 S.W.3d at 908; ***Ex parte Youngblood***, 698 S.W.2d at 672.

<u>CONCLUSION</u>

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** counsel's motion for leave to withdraw. We ***affirm*** Count I of the trial court's judgment. We ***modify*** Count II of the trial court's judgment to delete the fine and ***affirm*** it as modified.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-22-00261-CR**

**JOHN CALVIN WHITMORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court
of Angelina County, Texas (Tr.Ct.No. 2022-0425)

THIS CAUSE came on to be heard on the appellate record and the brief filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the fine in Count II be deleted; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*