**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00198-CR**

**CHRISTOPHER KEITH FRANKLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-30905**

**MEMORANDUM OPINION**

In seven points of error, Appellant Christopher Franklin challenges the $500 fine and $937 in court costs assessed against him by the trial court's Judgment Adjudicating Guilt. The trial court signed this judgment after revoking the prior order finding sufficient evidence to find Franklin guilty, which deferred the finding, and placed him on community supervision. Franklin's seven points of error raise just two issues. In issue one, he argues that because the trial court didn't pronounce the

1

$500 fine in his sentencing hearing, the court could not include the fine as an additional punishment in the final judgment. In issue two, Franklin argues that because the trial court did not orally pronounce the $937 in taxable court costs, the taxable costs should also not have been included in the trial court's final judgment. We conclude the trial court could not include a fine in the final judgment that it did not orally pronounce. But because the same rule does not apply to taxable costs, which are not considered to be part of a defendant's punishment, Franklin has not shown the trial court erred by rendering a judgment that includes $937 in taxable costs. We reform the judgment by deleting the $500 fine and affirm the judgment as reformed.

## I. Background

In 2019, Franklin was charged with possession of less than one gram of methamphetamine, a state jail felony. Tex. Health & Safety Code Ann. § 481.115(b). Pursuant to a plea bargain agreement, Franklin pleaded guilty, the trial court found sufficient evidence to find him guilty, and the trial court then placed him on deferred adjudication community supervision for two years. When Franklin failed to meet certain conditions of the trial court's community supervision order, the State moved to revoke it.[1] In May 2022, the trial court conducted a hearing on the State's amended

---

[1] According to the State's original Motion to Revoke Unadjudicated Probation, Franklin failed to attend his rehabilitation program, perform community service, submit to drug tests, complete the Jefferson County Drug Intervention

2

motion to revoke.[2] During the hearing, the trial court noted that Franklin had pleaded "true" to violating the six counts as alleged in the State's Amended Motion to Revoke. After Franklin testified in the hearing, the trial court pronounced Franklin's sentence and stated:

> The Court finds that the defendant did, in fact, violate the terms and conditions of his probation as alleged in Counts 1 through 6 and the Court is going to revoke the probation and is going to set punishment in the case at 12 months confinement in the state jail. The defendant is so sentenced.

Two weeks later, the trial court signed a judgment sentencing Franklin to twelve months in the state jail. The judgment includes a $500 fine and $937 in court costs, neither of which were included in the trial court's oral pronouncement of sentence.

## II. Standard of Review

Fines are different from fees and costs because fines are imposed as punishment, like incarceration, whereas fees and costs serve a remedial function by

---

Program, and pay supervision fees and court costs. The State later filed an amended motion alleging drug possession.

[2] The court reporter's record shows the hearing on the motion to revoke probation occurred on June 15, 2022, but it appears from other records in the clerk's record that the date the reporter put on her record is mistaken. The clerk's record reflects the trial court signed the final judgment on May 31, 2022. Franklin appealed from his notice of appeal from the final judgment on June 6, 2022. Regardless, the parties have neither complained about the discrepancy between the reporter's record and the judgment, nor have they asked the court to have the court reporter or trial court resolve the discrepancy over the date the hearing on the motion to revoke occurred.

3

compensating the State for various costs associated with the criminal justice system. *Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014). "[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Because court costs are not punitive, a trial court may assess court costs against a defendant in the written judgment even when the court's oral pronouncement does not include an assessment of costs. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

We review the assessment of court costs on appeal to determine whether there is a basis for the cost, not to determine whether there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not apply. *Johnson*, 423 S.W.3d at 390.

### III. Analysis

**A. The $500 Fine**

In issue one, Franklin contends the trial court could not include a fine in the judgment that wasn't orally pronounced in his sentencing hearing. The State agrees the trial court erred by including the $500 fine since it failed to orally pronounce it in Franklin's sentencing hearing. Because the fine was not orally pronounced when

4

the trial court sentenced Franklin, it was improper to include it in the final judgment. We sustain Franklin's first issue.

When the information needed to reform a judgment is available, we may reform it. *See* Tex. R. App. P. 43.2(b); *Ex parte Youngblood*, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985) (remedy in unauthorized fine case is to delete the improper fine from the judgment). We delete the fine because the trial court erred by including it in the final judgment under the circumstances that are at issue here.

## B. Court Costs

In issue two, Franklin argues the trial court erred in taxing him with court costs because the trial court had found he was indigent—and because the trial court did not orally pronounce the taxable costs as part of his sentence.[3] According to Franklin, it is unconstitutional to render court costs against someone who is indigent.

Court costs, unlike fines, are not punitive and do not have to be included in the oral pronouncement of a sentence as a precondition of including them in the trial court's written judgment. *Weir*, 278 S.W.3d at 367. Court costs are compensatory in nature and a "nonpunitive 'recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* at 366 (internal quotations omitted); *see also Armstrong*, 340 S.W.3d 759 at 767. The itemized Bill of Costs included in the

---

[3] Franklin specifically challenges the trial court's imposition of "revocation court costs" and "crime-stopper's fees."

record shows the assessed court costs are legislatively mandated and "compensatory in nature." *Weir*, 278 S.W.3d at 366. Even though not bound by the following precedent, this Court on several occasions has held that "supervision fees, court costs, or fees associated with presentence investigation reports are not part of a defendant's punishment, and the trial court is not required to orally pronounce those assessments at sentencing." *Valdez v. State*, No. 09-22-00148-CR, 2022 Tex. App. LEXIS 8915, at *8 (Tex. App.—Beaumont Dec. 7, 2022, no pet.) (mem. op., not designated for publication); *Davis v. State*, Nos. 09-18-00262-CR, 09-18-00263-CR, & 09-18-00264-CR, 2019 Tex. App. LEXIS 9113, at *12 (Tex. App—Beaumont Oct. 16, 2019, no pet.) (mem. op., not designated for publication) (citing *Lee v. State*, No. 09-07-00257-CR, 2007 Tex. App. LEXIS 8442, at **4-5 (Tex. App.—Beaumont Oct. 24, 2007, no pet.) (mem. op., not designated for publication); *Revia v. State*, No. 09-07-00068-CR, 2007 Tex. App. LEXIS 6965, at **4-6 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication)).

Accordingly, we hold the trial court did not err by including the taxable costs and fees discussed above in the final judgment without orally pronouncing them in Franklin's sentencing hearing. *See Weir,* 278 S.W.3d. at 366-67.

We overrule Franklin's second issue.

6

## C. Addendum

The addendum to Franklin's brief requests us to evaluate the propriety of additional fees that he does not specifically address in his brief, but that he instead listed in a document that is not included in the appellate record. We decline to do so. We may not consider matters outside the appellate record. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) ("An appellate court may not consider factual assertions that are outside the record[.]").

## IV. Conclusion

The Texas Rules of Appellate Procedure authorize an appellate court to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2(c). Because the record does not support the $500 fine, we delete the language on page two of the trial court's judgment that creates the fine and remove it from the judgment. The language that created the fine and that we are ordering deleted from the judgment states: "The Court assessed a fine of **$500.00**[.]" As reformed, the trial court's judgment is affirmed.

AFFIRMED AS REFORMED.

JAY WRIGHT
Justice

Submitted on July 27, 2023
Opinion Delivered September 20, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

7