**Affirmed as modified and Memorandum Opinion filed October 22, 2024.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-24-00209-CR

## DARRYL GLENN PHILLIPS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 155th District Court
### Austin County, Texas
### Trial Court Cause No. 2019R-0083

## M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for aggravated assault with a deadly weapon in violation of Texas Penal Code § 22.02(a). Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and by indicating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se response has been filed.

There is one issue involving appellant's punishment that this court has noted in its own review of the record, though it does not otherwise warrant reversing appellant's conviction or otherwise modifying his sentence, nor does it require the assistance of counsel to resolve. *See Robison v. State*, Nos. 14-19-00957-CR & 14-19-00982-CR, 2020 WL 5198338, at *1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2020, no pet.) (citing *Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (acknowledging that courts are "not required to abate [an *Anders*] appeal for appointment of new counsel if the judgment may be modified"); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (declining to abate an appeal for appointment of new counsel to raise an issue the appeals court had already ruled on, deeming such to be a "useless task"). Appellant's sentence included a $10,000.00 fine. As aggravated assault is normally a second-degree felony, a $10,000.00 fine would normally be acceptable to include as part of punishment for the crime. Tex. Penal Code §§ 12.32(b), 22.02(b). However, the record reflects that appellant was punished as a repeat or habitual felony offender pursuant to Texas Penal Code § 12.42(d). Although that provision provides for a higher range of sentences of incarceration, it does not provide for any fine at all. *See Ex parte Youngblood*, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985) (acknowledging in association with a similar provision for punishment of repeat or habitual felony offenders that "[n]o provision is made for assessment of a fine in addition to a term of imprisonment," such that "the fine imposed in the case" then under consideration "was unauthorized by law"); *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—

Texarkana 2013, pet. ref'd) (reaching the same conclusion for section 12.42(d)). As the trial court could not properly assess appellant with a fine while assessing enhanced punishment pursuant to section 12.42(d), we will accordingly modify the judgment to reflect that appellant is not being assessed a fine in association with his conviction. *Ferguson v. State*, No. 14-17-00288-CR, 2017 WL 4400084, at *7 (Tex. App.—Houston [14th Dist.] Oct. 3, 2017, pet. ref'd) (mem. op. not designated for publication); *Dolph*, 440 S.W.3d at 908.

We have carefully reviewed the record and counsel's brief and agree the appeal is otherwise wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The judgment of the trial court is affirmed as modified.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).