# NO. 12-21-00218-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VOLLIE EARL HENRY,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Vollie Earl Henry appeals his two convictions for aggravated sexual assault of a child. In three issues, Appellant argues that his convictions and sentences and the trial court's cumulation order violate his right against double jeopardy and his sentences are grossly disproportionate to the offenses and constitute cruel and unusual punishment. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with two counts of aggravated sexual assault of a child—one by penetration of the child's mouth and one by penetration of her sexual organ. He pleaded "not guilty" to the charges, and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant barricaded his six or seven-year-old niece in her bedroom while her mother was participating in church choir practice in another room and threatened to kill her and her family if she told anyone what he was about to do. He forced his penis into her mouth and then her vagina while holding a pillow over her face as she cried and called out for help.

Ultimately, the jury found Appellant "guilty" of the charges and assessed his punishment at imprisonment for life and a $10,000.00 fine in each case. The trial court ordered that the sentences be served consecutively. This appeal followed.

**DOUBLE JEOPARDY**

Appellant's first issue is whether his convictions and sentences violate his state and federal rights against double jeopardy. His second issue is whether the trial court's cumulation order violates those rights. He addresses both issues in a single argument.

Appellant contends that his convictions, sentences, and sentence cumulation constitute multiple punishments for the same offense in violation of the Fifth Amendment and Article I Section 14 of the Texas Constitution. He contends this is so because the record shows the acts were perpetrated in a single criminal episode or transaction against the same victim on the same day in violation of the same penal provision. Appellant acknowledges that his position is contrary to current case law but argues nonetheless that we should apply the long-abandoned carving doctrine or "same transaction test" here. We decline to do so.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Similarly, the Texas Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. 1, § 14. The two clauses provide substantially identical protections. *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997). They prohibit (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Lopez v. State*, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003).

A double jeopardy claim generally must be raised in the trial court to preserve error for appellate review. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). However, such a claim may be raised for the first time on appeal when the undisputed facts show a double jeopardy violation is clearly apparent on the face of the record and enforcement of the usual rules of procedural default serves no legitimate state interest. *Id.* at 643. Here, Appellant was charged in the same indictment with two counts, and he claims that the conduct alleged in the counts constitutes the same offense for double jeopardy purposes. Because we can determine this question from the face of the record, and enforcement of the usual procedural default rules would serve no legitimate state interest, we will address the issue. *See Rangel v. State*, 179 S.W.3d 64, 70-71 (Tex. App.—San Antonio 2005, pet. ref'd) (addressing unpreserved double jeopardy

question of whether one count was lesser-included of another because error would be apparent on face of record and enforcement of default rules would serve no legitimate state purpose).

Section 22.021 of the Texas Penal Code in pertinent part provides the following:

> (a)  A person commits an offense:
>
> > (1)  if the person:
> >
> > . . . .
> >
> > > (B)  regardless of whether the person knows the age of the child at the time of the offense, intentionally or knowingly:
> > >
> > > > (i)    causes the penetration of the anus or sexual organ of a child by any means;
> > > >
> > > > (ii)   causes the penetration of the mouth of a child by the sexual organ of the actor;
> > > >
> > > > (iii)  causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
> > > >
> > > > (iv)   causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
> > > >
> > > > (v)    causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and
> >
> > (2)  if:
> >
> > . . . .
> >
> > > (B)  the victim is younger than 14 years of age[.]

TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B) (West 2019).  Section 22.021 is a conduct-oriented statute that uses the conjunctive "or" to distinguish and separate different conduct.  *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).  Its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit.  *Id.*  These considerations led the court of criminal appeals to conclude the legislature intended that each separately described conduct constitutes a separate statutory offense.  *Id.*

In this case, different conduct was charged in separate counts of the indictment as separate offenses.  Appellant was charged with penetration of the child's sexual organ under subsection (i) and penetration of the child's mouth under subsection (ii).  The penetration of the child's sexual organ clearly required a separate and distinct act from the penetration of her mouth

and constitutes a separate and distinct statutory offense, despite the fact both are violations of a single statute. *See id.* Our determination that the two counts allege violations of separate and distinct statutory aggravated sexual assault provisions and those alleged offenses involved separate and distinct acts ends the double jeopardy inquiry. *See id.*

Nevertheless, Appellant urges us to apply the carving doctrine, specifically the "same transaction test," and hold that the two counts constitute the same offense for double jeopardy purposes. The court of criminal appeals abandoned the carving doctrine, including the "same transaction" analysis, in *Ex parte McWilliams*, 634 S.W.2d 815, 822-23 (Tex. Crim. App. 1980). As an intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals. *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006), *aff'd sub nom.*, *State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). Because Appellant's convictions, sentences, and cumulation of sentences do not violate his double jeopardy rights under current mandatory authority, we overrule his first and second issues.

### CRUEL AND UNUSUAL PUNISHMENT

In Appellant's third issue, he argues that his punishment is grossly disproportionate and constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions. He contends that the assessment of two consecutive life sentences is the functional equivalent of life without parole and we should extend the United States Supreme Court's holding in *Miller v. Alabama*[1]—that the Eighth Amendment prohibits automatically sentencing a juvenile defendant to life without parole—to prohibit the sentencing of a defendant to consecutive life sentences when the offenses arose from the same transaction. We decline to do so.

First, before a complaint may be presented for appellate review, the record must show that it was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). An appellant fails to preserve error by failing to object when he has the opportunity. *Burt v. State*, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013). A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Id.* at 577. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object during the punishment hearing. *Id.* at 577 n.4.

---

[1] 567 U.S. 460, 465, 132 S. Ct. 2455, 2460, 183 L. Ed. 2d 407 (2012).

In this case, Appellant did not object at the punishment hearing when his sentences and their cumulation were pronounced. Because Appellant had the opportunity to object to his sentences and their cumulation at the punishment hearing and failed to do so, we conclude that he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); **Burt**, 396 S.W.3d at 577-78.

Furthermore, even if Appellant preserved his issue, we could not grant him relief because his sentence does not constitute cruel and unusual punishment. The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. **Meadoux v. State**, 325 S.W.3d 189, 193 (Tex. Crim App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. **Cantu v. State**, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See* **Davis v. State**, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also* **Simmons v. State**, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment falling within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See* **Harris v. State**, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); **Jordan v. State**, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); **Davis**, 905 S.W.2d at 664.

In Count 1, Appellant was convicted of aggravated sexual assault of a child by penetration of the sexual organ, a first-degree felony, enhanced by two previous consecutive felony convictions, the punishment range for which is imprisonment for a term of life, or not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B), (e), 12.42(d) (West 2019). Thus, the life sentence imposed by the jury falls within the range set forth by the legislature and is not prohibited as cruel, unusual, or excessive per se. *See* **Harris**, 656 S.W.2d at 486; **Jordan**, 495 S.W.2d at 952; **Davis**, 905 S.W.2d at 664. However, the $10,000.00 fine is not authorized under Section 12.42(d). *See* **Dolph v. State**, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd); TEX. PENAL CODE ANN. § 12.42(d) (containing no provision authorizing imposition of fine); *see also* **Ex**

5

*parte Youngblood*, 698 S.W.2d 671, 672 (Tex. Crim. App. 1985) (judgment reformed to delete fine unauthorized under Section 12.42(c)). Therefore, we reform the verdict in Count 1 to delete the improper fine. *See Dolph*, 440 S.W.3d at 908; *Ex parte Youngblood*, 698 S.W.2d at 672.

In Count 2, Appellant was convicted of aggravated sexual assault of a child by penetration of the mouth, a first-degree felony, enhanced by two previous consecutive felony convictions, the punishment range for which is imprisonment for a term of life, or not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(ii), (a)(2)(B), (e), 12.42(d). Thus, the life sentence imposed by the jury falls within the range set forth by the legislature and is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664. However, as before, the $10,000.00 fine is not authorized under Section 12.42(d). *See Dolph*, 440 S.W.3d at 908; TEX. PENAL CODE ANN. § 12.42(d); *see also Ex parte Youngblood*, 698 S.W.2d at 672. Therefore, we reform the verdict in Count 2 to delete the improper fine. *See Dolph*, 440 S.W.3d at 908; *Ex parte Youngblood*, 698 S.W.2d at 672.

After imposing the sentences assessed by the jury, the trial court ordered that Count 2 run consecutively to Count 1, "pursuant to the authority that is granted to [him] as judge because of the nature of the case and [his] observations of the entirety of this case from the beginning until now." Section 3.03 of the penal code provides the following:

> If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of . . . an offense under Section . . . 22.021 . . . committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once.

TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2021). Thus, the court's order that Appellant's convictions run consecutively comports with the requirements set forth by the legislature and is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Neither can we conclude that Appellant's sentences or their cumulation is prohibited by the Eighth Amendment when we consider the factors originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001 77 L. Ed. 2d 637 (1983). Under *Solem*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the

penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his offense. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265-66, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In this case, the offenses committed by Appellant—aggravated sexual assault of a child by penetration of the sexual organ and aggravated sexual assault of a child by penetration of the mouth—are far more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's sentences are the same as the one upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, then neither are Appellant's sentences in this case.

Nor does the cumulation of the sentences render Appellant's punishment constitutionally disproportionate. *See Arredondo v. State*, 406 S.W.3d 300, 306 (Tex. App.—San Antonio 2013, pet. ref'd). In *Arredondo*, a juvenile appellant argued that his consecutive life sentences for homicide and nonhomicide offenses, assessed in the trial court's discretion, amounted to a

sentence of life without parole and violated the prohibition against cruel and unusual punishment. *Id.* at 304-05. The court of appeals analyzed *Miller* and noted that the Supreme Court there held a mandatory, not discretionary, sentence of life without parole for a juvenile violates the Eighth Amendment. *Id.* at 305-06 (citing *Miller*, 132 S. Ct. at 2464, 2467-69). The court of appeals concluded that "even assuming for purposes of argument that two consecutive life sentences amount to a sentence of 'life without parole,' . . . nothing prevents such a discretionary sentence when, as here, appellant has been found guilty of both a homicide offense and nonhomicide offenses in a particularly heinous crime." *Id.* at 306.

We similarly conclude that the discretionary cumulation of discretionary life sentences for an adult convicted of two counts of aggravated sexual assault of a child is not constitutionally disproportionate. *See id.* Appellant gives no reason why his offenses' occurrence within a single transaction renders his discretionary consecutive life sentences unconstitutional, and we know of none. Because neither Appellant's sentences nor their cumulation is constitutionally disproportionate to his offenses, *Solem*'s threshold test has not been satisfied, and we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46. Accordingly, we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues and concluded that the trial court's judgments contain improper fines, we *modify* the judgments to delete the fines and *affirm* the judgments *as modified*.

GREG NEELEY
Justice

Opinion delivered October 12, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 12, 2022**

**NO. 12-21-00218-CR**

**VOLLIE EARL HENRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2019-0201)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgments of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgments of the court below be **modified** to delete the fines; in all other respects the judgments of the trial court are **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*